NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK LUIS MENDEZ-MESTRE, | No. 19-72924 |
| Petitioner, | Agency No. A203-633-237 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 21, 2023
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Frank Luis Mendez-Mestre, a native and citizen of Cuba, petitions for review

of a Board of Immigration Appeals ("BIA") decision declining to remand the

proceedings and dismissing his appeal from an immigration judge's ("IJ") order

denying his applications for asylum and withholding of removal under the

Immigration and Nationality Act ("INA") and for relief under the Convention

Against Torture ("CAT"). We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review only the BIA's decision except to the extent the decision adopts or relies on the IJ's reasoning, in which case we review both the IJ's and the BIA's decisions." *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019). When "reviewing the decision of the BIA, [the court] consider[s] only the grounds relied upon by that agency." *Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004)). If "the BIA's decision cannot be sustained upon its reasoning," then the court "must remand to allow the agency to decide any issues remaining in the case." *Id.* (internal quotation marks omitted) (quoting *Andia*, 359 F.3d at 1184). The court reviews legal questions de novo and factual findings for substantial evidence. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022). Under the substantial evidence standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (internal quotation marks omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the agency's determination that Mendez-Mestre failed to establish harm rising to the level of past persecution. Mendez-Mestre was detained on one occasion for 24 hours without food or water, interrogated about his political beliefs, and beaten with a baton on his face and legs, but did not require medical treatment. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–18

(9th Cir. 2006) (concluding that the petitioner failed to establish past persecution where he was detained on one occasion for three days, interrogated, and beaten with a rod, but did not require medical treatment and suffered no adverse employment consequences or state-imposed limitations on his ability to practice his religion).[1] He was summoned to the police station twice more and questioned about his political beliefs, but was neither detained nor beaten again and continued to work until he left Cuba.

Substantial evidence also supports the agency's determination that Mendez-Mestre did not establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1021–22. Even if Mendez-Mestre's ability to leave Cuba did not undermine the reasonableness of his fear of persecution were he to return, given that Mendez-Mestre continued to live and work in Cuba without further problems after his detention, the record does not compel the conclusion that his fear of persecution was objectively reasonable.

The BIA therefore did not err in concluding that Mendez-Mestre failed to meet his burden of proof to establish a claim for asylum, and likewise failed to satisfy the higher standard required for withholding of removal. *See Fisher v. INS*,

---

[1] Because we would reach the same conclusion under either a de novo or substantial evidence standard of review, we need not address whether a less deferential standard applies to the past persecution analysis. *See Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022).

79 F.3d 955, 961 (9th Cir. 1996).

2.  The BIA did not err in declining to remand for consideration of new evidence submitted for the first time on appeal to the BIA. The BIA construed the proffer of new evidence as a motion to remand. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) (stating that a motion to remand must conform to the same standards as a motion to reopen). The agency did not abuse its discretion in concluding that Mendez-Mestre failed to demonstrate that the evidence was "material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3); *see also Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017). Nor has Mendez-Mestre shown that the BIA's refusal to consider the new evidence violated his due process rights. Reviewing Mendez-Mestre's constitutional claim de novo, we conclude that he has not shown that the proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case," or that he was prejudiced by the exclusion of the evidence. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks omitted) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

3.  Mendez-Mestre does not dispute the BIA's conclusion that he waived any challenge to the IJ's denial of his CAT claim by failing to raise the issue before the BIA. Any challenge to the BIA's determination is therefore waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (stating that an issue

4

not raised in an opening brief is waived).  We decline to consider Mendez-Mestre's arguments regarding the merits of his claim for CAT relief because the exhaustion determination is dispositive.  8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if [] the alien has exhausted all administrative remedies available to the alien as of right.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**